IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

2018 MAY 23 PM 6:33

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN PR

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

CRIMINAL NO. 16-801 (CCC)

**[1]JAY OMAR RESTO-RIVERA,**
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District

of Puerto Rico: **Rosa Emilia Rodríguez-Vélez**, United States Attorney, **Timothy Henwood**, First

Assistant United States Attorney, **Jenifer Y. Hernández-Vega**, Assistant United States Attorney

and Deputy Chief, Violent Crimes and RICO Unit, and **Camille García Jiménez**, Special

Assistant United States Attorney, along with Defendant, **Jay Omar Resto-Rivera**, and his

counsel, **Jason González-Delgado**, and, pursuant to Federal Rule of Criminal Procedure

11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement,

the terms and conditions of which are as follows:

1.    **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One.

**Count One:**

On or about November 21, 2016, in the District of Puerto Rico and within the jurisdiction

of this Court, Jay Omar Resto-Rivera and José Antonio De Jesús-Cruz, the defendants herein, with

1

the intent to cause death or serious bodily harm, took a motor vehicle, that is, a white, 2013

Hyundai Accent, bearing Puerto Rico license plate IGH-944, VIN number

KMHCT4AE8DU562437, vehicle that had been transported, shipped or received in interstate or

foreign commerce, from the person or presence of Y.P.M., by force, violence and intimidation,

resulting in serious bodily injury, that is: injuries inflicted with blunt object upon her back, head,

and ribcage area that caused a substantial risk of death to Y.P.M.  All in violation of Title 18,

United States Code, Section 2119(2).

## 2.    MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count One of the Indictment, is

a term of imprisonment of twenty-five years, pursuant to Title 18, United States Code, Section

2119(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to

Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than five

(5) years, pursuant to Title 18, United States Code, Section 3583(b)(1); and a Special Monetary

Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code, Section

3013(a)(2)(A).

For purposes of this plea agreement, the parties have agreed the defendant will plead guilty

to an included offense, a violation of Title 18, United States Code, Section 2119 (1).  The

maximum statutory penalty for the included offense charged in Count One of the Indictment, is a

term of imprisonment of not more than fifteen (15) years, pursuant to Title 18, United States Code,

Section 2119 (1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00),

2

pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more

than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2); and a Special

Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code,

Section 3013(a)(2)(A).

## 3.    SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the

Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States

Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the

United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further,

Defendant acknowledges that parole has been abolished and that the imposition of his sentence

may not be suspended.

## 4.    SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00),

per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United

States Code, Section 3013(a)(2)(A).

## 5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to

pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or

supervised release ordered. The Court may also impose restitution. The United States will make

no recommendations as to the imposition of fines and restitution.

## 6.        RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

## 7.        APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in  Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

| COUNT ONE<br>Title 18, United States Code, Section 2119 | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2B3.1(a)]<br>(Robbery) | 20 |
| Specific Offense Characteristics U.S.S.G. § 2B3.1(b)(2)(E) | +4 |
| Specific Offense Characteristics U.S.S.G. § 2B3.1(b)(3)(A) | +3 |
| Specific Offense Characteristics U.S.S.G. § 2B3.1(b)(4)(A) | +4 |
| Specific Offense Characteristics U.S.S.G. § 2B3.1(b)(5) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 | -3 |
| TOTAL OFFENSE LEVEL | 30 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY:<br>CATEGORY I<br>CATEGORY II | (97-121) months<br>(108-135) months |

## 8.     SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), for Count One the parties will jointly recommend a sentence of imprisonment equal to the middle range of the sentencing guidelines at a total offense level of 30 when combined with defendant's criminal history category as determined by court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

5

## 9. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

## 10. WAIVER OF APPEAL

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 121 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.



## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES



The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, **Jason González-Delgado**, and asserts that counsel has rendered effective legal assistance.

6

## 13.  RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14.    STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15.    LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16.    ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 17.    AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 18.    VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 4-9-18

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes & RICO Unit
Dated: 4-9-18

_____
**Camille García Jiménez**
Special Assistant U.S. Attorney
Dated: 4-9-18

_____
**Jason González-Delgado**
Counsel for Defendant
Dated: May 23 2018

_____
**Jay Omar Resto-Rivera**
Defendant
Dated: May 23, 2018

9

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: May 23, 2018

**Jay Omar Resto-Rivera**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: May 23, 2018

**Jason González-Delgado**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **Jay Omar Resto Rivera**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 2119. The following is a synopsis of the facts in this case:

On November 21, 2016, at approximately 9:30p.m., an adult female (herein after "Victim"), was driving a 2013 Hyundai Accent vehicle, white in color, VIN number KMHCT4AE8DU562437, license plate IGH-944. At La Hormiga sector in Juncos Puerto Rico, Jay Omar Resto-Rivera and Co-defendant [2] stopped the Victim and asked her for a ride. Resto-Rivera sat in the front passenger's seat and Co-defendant [2] in the rear passenger's seat. While the Victim was driving, Resto-Rivera pulled the emergency brake to stop the car and Co-defendant [2] grabbed the Victim by the neck. Resto-Rivera exited the vehicle, went to the driver's door and told the Victim that he had a firearm and ordered her to move to the back seat where Co-defendant [2] was seated. Resto-Rivera drove the vehicle toward Canóvanas and eventually arrived to an isolated area where he stopped the vehicle. The Victim was taken out of the vehicle and was struck by Resto-Rivera several times with a blunt object. Resto-Rivera and Co-defendant [2] left her on the side of the road and drove off with the vehicle. The Victim sought help from a nearby residence and immediately reported the carjacking. She was taken to a hospital to received treatment for the injuries.

As part of the investigation, the Federal Bureau of Investigations (FBI) received information regarding the identity of the individuals that committed the carjacking. On

11

November 25, 2016, the Victim provided the FBI agents a photograph of Resto-Rivera. She identified him as Jay, a person she had seen before several times in La Hormiga neighborhood.

Further investigation revealed that no vehicles are manufactured in Puerto Rico. Therefore, the Victim's 2013 Hyundai Accent vehicle, white in color, VIN number KMHCT4AE8DU562437, license plate IGH-944 was transported, shipped, or received in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of the victim, PRPD agents and federal agents, evidence recovered at the scene, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

**Camille García-Jiménez**
Special Assistant United States Attorney
Dated: ___4-9-18___

**Jason González-Delgado**
Counsel for Defendant
Dated: ___May 23, 2018___

**Jay Omar Resto-Rivera**
Defendant
Dated: ___May 23, 2018___